UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. No.

**01cv10103 RCL**

| | |
|---|---|
| FLORENCIO SOUSA and ) | |
| MARIA SOUSA ) | |
| Plaintiff ) | |
| ) | |
| v. ) | |
| ) | |
| SATA AIR AÇORES and AIR AZORES ) | |
| and AZORES EXPRESS, INC. a/k/a SATA ) | |
| INTERNATIONAL ) | |
| ) | |
| Defendant ) | |

RECEIPT # 28118
AMOUNT $ 150.00
SUMMONS ISS. yes
LOCAL RULE 4.1 _____
WAIVER OF SERV. _____
MCF ISSUED _____
AO 120 OR 121 _____
BY DPTY CLK SS
DATE 1-19-01

## **COMPLAINT**

1. The Plaintiff, Florencio Sousa ("Florencio") is an individual who resides in the State of Rhode Island with a usual address of 108 Waterman Avenue, East Providence, Rhode Island 02914.

2. The Plaintiff, Maria Sousa ("Maria") is an individual who resides in the State of Rhode Island with a usual address of 108 Waterman Avenue, East Providence, Rhode Island 02914.

3. The Defendant SATA Air Açores is a foreign Corporation whose principal place of business is located at Avenida Infante D. Henrique, 55-6, 9500 Ponta Delgada, Portugal.



4. The Defendant Air Azores, is a subsidiary of the Defendant SATA Air Açores. The defendant maintains an office in the City of Fall River, in the Commonwealth of Massachusetts, and does business with the general public also under the name of Azores Express, Inc.

5. The Defendant Azores Express, Inc., also known as SATA International, is a holding of the Defendant SATA Air Açores and is a company unincorporated and unregistered to do business in the Commonwealth of Massachusetts. It maintains a business office at 211 South Main Street, Fall River, Massachusetts.

6. The Defendant, SATA Air Azores and Defendant Air Azores and Defendant Azores Express, Inc. are collectively referred to as the "Defendants."

## FACTS

7. On June 12, 2000, Florencio and Maria traveled aboard defendants' aircraft from Logan International Airport – Boston, Massachusetts to Terceira, Portugal via SATA INTL/ Air Azores Flight 49.

8. The tickets for this flight were paid for on March 24, 2000.

9. Prior to the date of travel, Florencio informed defendants' agent, Michael Medory, that he was in need of special accommodations while on board the aircraft.

10. Prior to June 12, 2000, Mr. Sousa suffered from a heart condition and was a diabetic.

11. Upon arriving at Defendants' boarding gate at Logan International Airport in preparation for the planned flight, Florencio informed the gate agent that he needed a wheelchair at both ends of the flight, and that extra activity made him very dizzy and weak due to his hypertensive and diabetic conditions.

12. During the flight, which was free of turbulence from start to finish, Florencio asked a flight attendant for sugar water because he was not feeling well. Despite repeated requests for the sugar water to help with the diabetes, and to permit Florencio to take his medication, Defendants' employees refused to bring him a cup of water.

13. In desperate need of the medication and sugar water, Florencio attempted to walk from his seat, with the seatbelt light off, and get some water. In this effort to secure the water, Florencio being lightheaded, fell backwards causing severe injuries.

14. Following Florencio's collapse, Defendants' employees failed to inform Maria, who had witnessed the collapse, whether her husband was alive or not. In fact, she was not permitted to see her husband who was placed in a seat closer to the cockpit.

15. Despite repeated cries for information regarding her husband, Maria was unable to ascertain her husband's condition.

16. Upon witnessing her husband's collapse and as a result of the airlines actions, Maria suffered and continues to suffer great physical and mental injuries. Upon arriving in Portugal she was disoriented, in shock and became incontinent. She remained in bed for the length of time she was in Portugal. She still suffers from severe anxiety and depression.

17. Upon arriving in Portugal, the Defendants made no attempt to have medically trained personnel awaiting the aircraft on arrival.

18. Shortly after his arrival in Portugal, Florencio visited the emergency room of a local hospital. Upon release he was transferred to a relative's home where he stayed in bed until his return flight to the United States. Florencio suffered sixteen (16) fractures in his neck and spine, severe anxiety, bruised kidneys, gastrointestinal disorders and an aggravation of his cardiac condition.

## COUNT I
### (Negligence)

(Florencio v. Defendants)

19. The Plaintiffs repeat and reincorporate paragraphs one through eighteen of their Complaint as if fully set forth herein.

20. The Defendants owed Florencio a duty of care while he was on board their aircraft.

21. By refusing to bring Florencio the required and requested water, and in failing to adequately care for him after his injury, the defendants breached their duty of care.

22. As a direct and proximate result of the negligence of the defendants, Florencio was caused to suffer severe and permanent injuries. He has incurred and will continue to incur medical expenses. He was caused to be disabled and will be disabled in the future. He has been and will continue to be caused great pain of body and mind. The plaintiff's ability to enjoy life and attend to his usual activities has been damaged and adversely affected and he is permanently disabled.

## COUNT II

(Gross Negligence)
(Florencio v. Defendants)

23. The Plaintiffs repeat and reincorporate paragraphs one through twenty-two of their Complaint as if fully set forth herein.

24. By refusing to bring Florencio the required and requested water, and in failing to adequately care for him after his injury, the defendants were grossly negligent.

25. As a direct and proximate result of the negligence of the defendants, the Florencio was caused to suffer severe and permanent injuries. He has incurred and will continue to incur medical expenses. He was caused to be disabled and will be disabled in the future. He has been and will continue to be caused great pain of body and mind. The plaintiff's ability to enjoy life and attend to his usual activities has been damaged and adversely affected and he is permanently disabled.

## COUNT III

(Intentional Infliction of Emotional Distress)
(Florencio and Maria v. Defendants)

26. The Plaintiffs repeat and reincorporate paragraphs one through twenty-five of their Complaint as if fully set forth herein.

27. During the flight, which was free of turbulence from start to finish, Florencio asked a flight attendant for sugar water because he was not feeling well. Despite repeated requests for the sugar water to help with the diabetes, and to

permit Florencio to take his medication, Defendants' employees refused to bring him a cup of water.

28. Defendants' actions were outrageous and beyond the realm of acceptable behavior.

29. As a result of defendants' intentional conduct, Florencio has suffered and will continue to suffer significant damage, physically, emotionally and financially.

30. The Defendants refusal to permit Maria to see her husband or to be given any information as to his condition after witnessing his collapse was outrageous and beyond the realm of acceptable behavior.

31. As a direct and proximate result of the intentional conduct of the defendants, Maria was caused to suffer severe and permanent injuries. She has incurred and will continue to incur medical expenses. She was caused to be disabled and will be disabled in the future. She has been and will continue to be caused great pain of body and mind. Maria's ability to enjoy life and attend to her usual activities has been damaged and adversely affected and she is permanently disabled.

## COUNT IV
(Failure to Properly Train Employees)
(Florencio and Maria v. Defendants)

32. The Plaintiffs repeat and reincorporate paragraphs one through thirty-one of their Complaint as if fully set forth herein.

33. The Defendants have failed to properly train and supervise their employees, particularly their gate agents and in-flight attendants.

34. The Plaintiffs informed the airline on two separate occasions that they required special assistance while boarding the aircraft and during the flight itself.

35. The defendants' employees failed to offer appropriate aid, assistance and remedy to the Plaintiffs while they were aboard the aircraft.

36. Defendants' employees failed to properly aid Florencio after he had fallen on board the aircraft.

37. Defendants' employees failed to properly aid Florencio in the process of disembarking the aircraft.

38. Defendants' employees failed to properly assist Maria after witnessing her husband collapse on board the aircraft.

39. As a result of Defendant's improper training of their employees and agents, the Plaintiffs have suffered significant physical, mental and financial damages.

## COUNT V
(Willful Misconduct)

(Florencio v. Defendants)

40. The Plaintiffs repeat and reincorporate paragraphs one through thirty-nine of their Complaint as if fully set forth herein.

41. The defendants' refusal to bring Florencio some water and their refusal and failure to attend to his pressing medical needs amount to willful misconduct.

42. As a direct and proximate result of defendants' willful misconduct, Florencio has suffered and will continue to suffer significant physical, medical and monetary damages.

## COUNT VI

(Loss of Consortium)

(Florencio and Maria v. Defendants)

43. The Plaintiffs repeat and reincorporate paragraphs one through forty-two of their Complaint as if fully set forth herein.

44. By reason of defendants' negligence, gross negligence, intentional conduct and willful misconduct, Maria has become injured and disabled, and has been severely and permanently injured, and was confined to her bed for several weeks. In consequence of these injuries, Maria is unable to perform the services she had previously performed for Florencio. Florencio has further, in consequence, been deprived of the society and companionship of his wife, and his comfort and happiness have been impaired, and this deprivation and impairment will necessarily continue for a long time into the future, all to Florencio's damage.

45. By reason of defendants' negligence, gross negligence, intentional conduct and willful misconduct, Florencio has become injured and disabled, and has been severely and permanently injured, and was confined to her bed for several weeks. In consequence of these injuries, Florencio is unable to perform the services he had previously performed for Maria. Maria has further, in consequence, been deprived of the society and companionship of her husband, and her comfort and happiness have been impaired, and this deprivation and impairment will necessarily continue for a long time into the future, all to Maria's damage.

## COUNT VII

(Pursuant to Warsaw Convention)

(Florencio and Maria v. Defendants)

46. The Plaintiffs repeat and reincorporate paragraphs one through forty-five of their Complaint as if fully set forth herein.

47. Defendants' negligence, gross negligence and intentional conduct resulting in Florencio's and Maria's injuries were in violation of the Warsaw Convention.

## COUNT VIII

(Breach of Contract)

(Florencio and Maria v. Defendants)

48. The Plaintiffs repeat and reincorporate paragraphs one through forty-seven of their Complaint as if fully set forth herein.

49. By purchasing a ticket on Defendants' airline, Plaintiffs entered into contract to be provided safe and reliable transportation.

50. Through their actions, Defendants have breached this contract.

51. As a result of Defendants' breach, the Plaintiffs have suffered damages.

WHEREFORE, the Plaintiffs respectfully pray that the Court:

1. Enter judgment in favor of the Plaintiffs and against Defendants on each Count of the Complaint;

2. Award damages in the amount of $2,000,000.00 (two million dollars), plus interest;

3.  Order such other relief as the Court deems just and appropriate.

PLAINTIFFS HEREBY DEMAND TRIAL BY JURY

Dated: January 19 2001

>Respectfully submitted
>FLORENCIO SOUSA and
>MARIA SOUSA
>By their Attorney
>
>GOLD LAW FIRM:
>
>_____
>Howard S. Gold (BBO# 561432)
>57 River Street, Suite 306
>Wellesley Hills, MA 02481
>(781) 239-1000

JS 44   (Rev. 3/99)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

FLORENCIO SOUSA AND MARIA SOUSA

**DEFENDANTS**

AZORES EXPRESS and AIR AZORES AND SATA AIR ACORES

(b) County of Residence of First Listed Plaintiff **Providence county, RI**
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED

(c) Attorney's (Firm Name, Address, and Telephone Number)

HOWARD S. GOLD, GOLD LAW FIRM
57 RIVER ST, SUITE 306
WELLESLEY, MA 02481 781-239-1000

Attorneys (If Known)

DAVID WILCOX, BEUMONT & SO
LLOYDS CHAMBER,
ONE PORTSOKEN ST, LONDON E1 8AW   London, England

## II. BASIS OF JURISDICTION   (Place an "X" in One Box Only)

- ☐ 1  U.S. Government Plaintiff
- ☐ 2  U.S. Government Defendant
- ☐ 3  Federal Question (U.S. Government Not a Party)
- ☒ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT   (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☒ 310 Airplane / ☐ 362 Personal Injury— Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 365 Personal Injury — Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | **Habeas Corpus:** | **FEDERAL TAX SUITS** | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 530 General / ☐ 535 Death Penalty | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 540 Mandamus & Other / ☐ 550 Civil Rights / ☐ 555 Prison Condition | ☐ 740 Railway Labor Act / ☐ 790 Other Labor Litigation / ☐ 791 Empl. Ret. Inc. Security Act / ☐ 871 IRS – Third Party 26 USC 7609 | |

## V. ORIGIN   (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
(Cite the U.S. Civil Statute under which you are filing and write brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

NEGLIGENCE, BREACH OF CONTRACT, 49 STAT 3000

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

**DEMAND $** $2,000,000.00

CHECK YES only if demanded in complaint:
**JURY DEMAND:**  ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions):

JUDGE

DOCKET NUMBER

DATE 1-18-01

SIGNATURE OF ATTORNEY OF RECORD  *[signature]*

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY) Florencio Sousa v. SATA Air Acores

2. CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).

   __ I.   160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

   __ II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,        *Also complete AO 120 or AO 121
            740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.          for patent, trademark or copyright cases

   X  III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
            315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
            380, 385, 450, 891.

   __ IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
            690, 810, 861-865, 870, 871, 875, 900.

   __ V.   150, 152, 153.

3. TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(G)). IF MORE THAN ONE PRIOR RELATED CASE HAS BEEN FILED IN THIS DISTRICT PLEASE INDICATE THE TITLE AND NUMBER OF THE FIRST FILED CASE IN THIS COURT.

4. HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?
   YES ___  NO (circled)

5. DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST? (SEE 28 USC §2403)
   YES ___  NO (circled)

   IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?
   YES ___  NO (circled)

6. IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC §2284?
   YES ___  NO (circled)

7. DO ALL OF THE PARTIES IN THIS ACTION, EXCLUDING GOVERNMENTAL AGENCIES OF THE UNITED STATES AND THE COMMONWEALTH OF MASSACHUSETTS ("GOVERNMENTAL AGENCIES"), RESIDING IN MASSACHUSETTS RESIDE IN THE SAME DIVISION? - (SEE LOCAL RULE 40.1(D)).
   YES ___  NO (circled)

   A. IF YES, IN WHICH DIVISION DO ALL OF THE NON-GOVERNMENTAL PARTIES RESIDE?
      EASTERN DIVISION      CENTRAL DIVISION      WESTERN DIVISION

   B. IF NO, IN WHICH DIVISION DO THE MAJORITY OF THE PLAINTIFFS OR THE ONLY PARTIES, EXCLUDING GOVERNMENTAL AGENCIES, RESIDING IN MASSACHUSETTS RESIDE?
      EASTERN DIVISION (underlined)      CENTRAL DIVISION      WESTERN DIVISION

(PLEASE TYPE OR PRINT)
ATTORNEY'S NAME  Howard S. Gold, Gold Law Firm
ADDRESS  57 River Street, Suite 306 Wellesley, MA 02481
TELEPHONE NO.  781-239-1000

(Cover sheet local.wpd - 11/27/00)