UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| FLORENCIO SOUSA, ET AL | ) | Civil Action No. 01-10103-RCL |
| Plaintiffs | ) |  |
|  | ) |  |
| v. | ) |  |
|  | ) |  |
| SATA AIR ACORES, ET AL | ) |  |
| Defendants | ) |  |

## MEMORANDUM ORDER ON DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

LINDSAY, DISTRICT JUDGE

Before the court is the defendants' motion for summary judgment in this personal injury action. Because the plaintiffs' claims arise from an incident aboard an air carrier during an international flight, the claims are governed by the Warsaw Convention, 49 U.S. c. §40105. The defendants argue that the plaintiffs' claims should be dismissed because the plaintiffs have failed to establish the essential elements of a prima facie case under Article 17 of the Warsaw Convention.

Under Federal Rule of Civil Procedure 56(c), summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The Supreme Court has interpreted Rule 56(c) as "mandat[ing] the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322

(1986); *see also Fennell v. First Step Designs, Ltd.*, 83 F.3d 526, 535 (1st Cir. 1996).

Article 17 of the Warsaw Convention sets forth the circumstances under which an international air carrier can be held liable for harm to passengers. *See Eastern Airlines, Inc. v. Floyd*, 499 U.S. 530, 532-33 (1991); *Air France v. Saks*, 470 U.S. 392, 394 (1986); *Gotz v. Delta Airlines, Inc.*, 12 F. Supp. 2d 199, 201 (D. Mass. 1998). To make out a claim under Article 17, the plaintiffs must establish that: (1) an accident occurred; (2) either on board the aircraft or in the course of embarking or disembarking from the aircraft; (3) and that the accident proximately caused injury to the plaintiff. *See Saks*, 470 U.S. at 32; *Gotz,* 12 F. Supp. at 201.

Here, the plaintiffs have not made a sufficient showing to create a trialworthy issue that the plaintiff Florencio Sousa suffered an injury caused by an accident occurring during an international flight. The plaintiffs claim that because of an inflight fall he injured his back. The plaintiffs, however, have not offered expert medical testimony to establish a causal connection between the fall and any claimed injury. Courts often require such expert evidence to demonstrate a causal connection between an incident and an injury, especially when, as here, the injury and its cause are not obvious or apparent to the average layperson. *See Moody v. Maine Central Railroad*, 823 F.2d 693, 695 (1st Cir. 1987). The absence of any medical testimony to support the plaintiffs' position is particularly problematic in this case, because the defendants' motion was accompanied by extensive medical records indicating that Mr. Sousa had pre-existing back problems.

Not only have the plaintiffs failed to provide expert medical testimony, but they have not presented any evidence at all that the proximate cause of Mr. Sousa's injuries was his fall aboard the

defendants' aircraft.  In their opposition to the defendants' motion for summary judgment, the plaintiffs rely solely on allegations set forth in their complaint to establish the alleged connection between Mr. Sousa's fall and his alleged physical injury.  Under Rule 56(e), however, "an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial."  Fed. R. Civ. P 56(e).  The plaintiffs have not provided any evidence of this kind to support the claim that Mr. Sousa was injured as a result of his fall.  Because the plaintiffs have not presented any evidence substantiating an essential element of their claim of personal injury to Mr. Sousa under the Warsaw Convention, the defendants are entitled to summary judgment, both as to that claim and as to Maria Sousa's derivative loss of consortium claim.

Accordingly, the defendants' motion for summary judgment as to counts VI and VII (the only remaining claims in this action) is GRANTED.  Judgment shall enter for the defendants.

SO ORDERED.

REGINALD C. LINDSAY

DATED: August 29, 2003                                         United States District Judge